JAMES MILLER v. EDINBURGH-AMERICAN LAND MORTGAGE Co.,
LIMITED.

Delivered September 26, 1896.

**Venue—Sale—Foreclosure of Vendor's Lien on Tract of Land Lying in Two
Counties.**

A judgment foreclosing a vendor's lien upon a tract of land lying across the
boundary line of two adjoining counties, may be enforced by a sale of the entire
tract made in the county in which the judgment of foreclosure is rendered. Article
2279, Sayles' Civ. Stats., construed.

ERROR from Denton. Tried below before J. T. BOTTORFF, ESQ.,
Special Judge.

*Chas. I. Evans,* for plaintiff in error.—The trial court erred in ren-
dering judgment against the plaintiff and in favor of the defendant for
the land in controversy, because the record shows that the sale of said
land lying in Denton County, made by the sheriff of Dallas County,
and under which sale the defendant claims title, is null and void, for
the reason that said sheriff of Dallas County had no power or authority
to sell land under an execution or order of sale, situated in a county
other than the one for which he was elected and qualified. Alred v.
Montague, 26 Texas, 732; Casseday v. Morris, 49 Texas, 613; Sinclair v.
Stanley, 64 Texas, 67; Moody's Heirs v. Moeller, 72 Texas, 635.

*Gano, Gano & Gano,* for defendant in error.—The District Court
has the power, since the adoption of the Revised Statutes of 1879,
wherever the sale or delivery of specific real property is required, which
lies partly in one county and partly in another, to have the order of
sale issued to the sheriff of either of the counties at its discretion. Rev.
Stats., art. 2279.

TARLTON, CHIEF JUSTICE.—On February 14, 1894, defendant in
error instituted a suit in the District Court of Dallas County against
the plaintiff in error James Miller and against James B. Simpson, as
codefendants. The suit was brought upon four promissory notes exe-
cuted by James Miller to the plaintiff company, and endorsed by James
B. Simpson.

The notes were in part payment of the purchase money for a tract of
100 acres of land out of the Josiah Ashlock survey. This tract of 100
acres lies partly in Dallas and partly in Denton County, the boundary line
between the two counties dividing the tract. The tract was all in cul-
tivation and was embraced in one enclosure.

The plaintiff, besides praying for judgment against Miller as princi-
pal and against Simpson as endorser, sought a foreclosure of the express
vendor's lien retained in the notes upon the specific tract.

In accordance with this prayer, judgment was rendered on June 28,

1894, for the sum of $2703.25. The judgment foreclosed the lien upon the tract of land described therein as located partly in Denton and partly in Dallas County. It provided that the clerk of the court should issue an order of sale directed to the sheriff or any constable of Dallas County, commanding him to seize and sell the tract and apply the proceeds to the satisfaction of the debt; and it further provided that the officer should place the purchaser in possession within thirty days after the date of sale.

August 9, 1894, an order of sale in accordance with this decree was issued to the sheriff of Dallas County, returnable in ninety days from its date. The tract of 100 acres was seized thereunder by that officer, and the property, after due advertisement, sold at the court-house door of Dallas County on September 4, 1894. At this sale the defendant in error purchased the property for the sum of $1000, and the sheriff accordingly executed to it a deed. That officer, however, refused to place the purchaser in possession of the land, in accordance with the directions in the writ, on the ground that, as he was advised, the writ was insufficient to authorize him to put the purchaser in possession of so much of the land as lies in Denton County.

Hence on October 1 the plaintiff company filed in the District Court of Dallas County its application for a writ of mandamus, alleging its title under the sale and proceedings above stated, and asking that the sheriff be compelled to place it as such purchaser in possession of the tract of land.

The defendant James Miller contested the application for mandamus, excepting to the sufficiency of the petition, on the ground that it appeared therefrom that the sale occurred on September 4, 1894, and that more than thirty days had elapsed since the sale and prior to the filing of the petition, whence the writ was functus officio; pleading also that sixty acres of the land was located in Denton County, and that as to said quantity the sale was void, and besides that the writ was functus officio.

The sheriff Ben E. Cabell, also contested the application, alleging that he had made the sale as stated in the petition for mandamus; that the tract was situated partly in Denton and partly in Dallas County; that he had placed the defendant in error in possession of the portion lying in Dallas County, but that he declined to go into Denton County to remove James Miller from the portion of the tract lying therein, as he was advised that such an act would be unauthorized.

On October 31, 1894, the court overruled the exceptions in the mandamus proceeding, held the facts set out in the application for mandamus to be true, that the judgment had been rendered as therein stated, with foreclosure of the vendor's lien upon the tract of land described, that in accordance with the terms of the judgment the sheriff had made the sale to the company of the tract of land, that the plaintiff company under the terms of the judgment was entitled to possession of the land, and ordered the issuance of the writ of mandamus to the

sheriff as prayed for. James Miller and the sheriff, Cabell, excepted to this judgment, giving notice of appeal.

The writ of mandamus issued, and by virtue thereof, on November 15, 1894, the sheriff placed the plaintiff company in possession of the tract of land.

On November 22, 1894, James Miller, plaintiff in error herein, having meanwhile discovered by actual survey that 60 acres of the 100-acre tract lie in Denton County, instituted this suit in the form of trespass to try title to recover from the defendant in error these 60 acres. On plea of not guilty, filed by the defendant company, the court on March 14, 1895, rendered judgment for it, from which this writ of error is prosecuted.

*Opinion.*—The sole contention of plaintiff in error which we deem it necessary to pass upon consists in the proposition urged by him, that the sale of the 60 acres in suit, lying in Denton County, out of a tract of 100 acres, of which the remaining 40 acres lie in Dallas County, is void, on the ground that the writ under which he acted could not empower the sheriff of Dallas County to sell land situated in Denton County.

We overrule this proposition, as applied to the facts in this case.

Article 2279, Sayles' Revised Statutes, provides that "where an execution, or any writ in the nature thereof, requires the sale or delivery of specific real or personal property, it may be issued to the county where the property or some part thereof is situated."

Here a writ, viz., an order of sale, in the nature of an execution, required the sale of specific real property, a part of which was situated in Dallas County, to which the writ issued. The conditions of this article are literally fulfilled in this instance.

The rule invoked by the plaintiff in error applies to the case of an ordinary execution, resting upon a purely moneyed judgment. Between such an execution and an order of sale issued upon a decree foreclosing a lien upon a specific tract of land, the distinction seems to us to be obvious; the proceeding in the latter case being substantially in rem. Buse v. Bartlett, 1 Texas Civ. App., 335.

It is manifest that great hardship might be wrought upon a debtor in an ordinary judgment, should his realty be seized and sold in a county foreign to its location. Hence the law, as indicated in the decisions of our Supreme Court cited by plaintiff in error, wisely forbids such a sale. But where a vendor's lien is foreclosed upon a specific tract of land, a part of which lies in one county and a part in another, the two portions being separated simply by the line consisting in the county boundary, it is not perceived how any hardship could be visited upon the defendant in the suit foreclosing the lien and ordering a consequent sale, all growing out of a contract to which he was a party from its inception. In any event, we are clearly of the opinion that the sale by the sheriff

in this instance comes within the letter and the spirit of the provision above quoted.

It follows that the title of the defendant Miller was divested by the foreclosure proceedings and the sale accordingly had, and that these were sufficient to exclude him from recovery in this action of trespass to try title. Hence we abstain from considering other questions presented in the briefs of counsel, as to the conclusive effect of the mandamus proceedings and of the action of the court thereupon had.

The judgment is in all things affirmed.

*Affirmed.*